UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:15-cv-23093-Lenard/Goodman

WILD EYE DESIGNS, INC.,

      Plaintiff,

v.

TONY THAI, and
PRIMEWARE, INC.,

      Defendants.

_____/

**DEFENDANT TONY THAI'S**
**MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER**

Defendant TONY THAI ("Mr. Thai") hereby moves this Court for dismissal of Plaintiff

WILD EYE DESIGNS, INC.'s ("Plaintiff") declaratory complaint, or, in the alternative, transfer

of this lawsuit under the first-to-file rule.  In support, Mr. Thai provides the following:

**I.  INTRODUCTION**

On August 18, 2015, Plaintiff filed its Complaint for Declaratory Judgment (the "Instant

Action") against Mr. Thai and his company Primeware, Inc., ("Primeware") (Mr. Thai and

Primeware collectively "Defendants"), requesting a declaration from this Court (a) that US

Design Patent No. D724,836 ("the '836 patent") is unenforceable because of purported

inequitable conduct committed by Mr. Thai (and Mr. Thai's counsel) during prosecution of the

application which gave rise to the '836 patent in the United States Patent & Trademark Office

("USPTO"), (b) that the '836 patent is invalid and unenforceable under 35 U.S.C. § 103, (c) that

Plaintiff has not, and is not, infringing the '836 patent by selling a product entitled "Freezer

Hand Bag" and (d) that Plaintiff has not, and is not, infringing Defendants' trade dress by selling a product entitled "Freezer Hand Bag."

Mr. Thai moves to dismiss the Instant Action with prejudice or, in the alternative, to transfer the Instant Action to the United States District Court for the Eastern District of Texas, Marshall Division (the "Marshall Court"), under the first-to-file rule because, on June 24, 2015, almost two months before the Instant Action was filed, Mr. Thai filed a patent infringement cause of action against Plaintiff in the Marshall Court alleging infringement of the '836 patent. Under Federal Circuit precedent, the Instant Action should be dismissed with prejudiced, stayed or transferred to the court of the First-Filed Action (here, the Marshall Court) because (1) the two actions sufficiently overlap in that both cases encompass the same patent (namely, the '836 patent) and the same allegedly infringing product (the Freezer Hand Bag) sold by Plaintiff, (2) the Instant Action is a declaratory judgment action that was filed after the First-Filed Action (the patent infringement action), (3) the Instant Action is an anticipatory lawsuit and (4) Plaintiff has committed bad faith by ignoring the First-Filed Action, refusing to participate in proceedings before the Marshall Court. Moreover, the court of the First-Filed Action is the proper court to decide convenience issues in connection with 28 U.S.C. § 1404(a).

## II. FACTUAL BACKGROUND

Mr. Thai is a successful inventor and business owner. *See* **Exhibit B**. He currently resides in California, but before moving to California, he was a resident of Plano, Texas, a city located within the jurisdiction of the Marshall Court. *Id*. He employed patent counsel in Texas to assist him in prosecuting the patent application for the invention of the '836 patent before the USPTO. *Id*. Specifically, Mr. Thai employed attorneys at the law firm of Gagnon, Peacock & Vereeke, P.C., as patent counsel in Texas to prosecute the patent application that resulted in the

issuance of the '836 patent. *Id*.  Documents and witnesses pertaining to the '836 patent, including counsel who prosecuted the patent application from filing to issuance, are located in Texas. *Id*.

In July 2014, while awaiting issuance of the '836 patent, Mr. Thai became aware that Plaintiff was manufacturing, marketing, selling and/or importing a product entitled "Freezer Hand Bag," which he believed would infringe the '836 patent once it issued.  On July 16, 2014, and again on August 6, 2014, Mr. Thai, through his Texas legal counsel, sent Plaintiff two cease-and-desist letters.  Plaintiff did not respond to either demand and despite such notice continued manufacturing, making, offering to sell, selling and/or importing the "Freezer Hand Bag."

On March 24, 2015, the USPTO issued the '836 patent entitled "Wine Tote," naming Mr. Thai as the sole inventor. *Id*.  Mr. Thai has licensed his rights in the '836 patent to Primeware. *Id*.

On or about April 22, 2015, Mr. Thai purchased Plaintiff's implicated "Freezer Hand Bag" from one of retailer Total Wine and More's Texas stores. *Id*.  Total Wine and More has brick-and-mortar stores located proximate the Marshall Court (as well as throughout Texas).

On June 24, 2015, Mr. Thai filed the initial complaint (the "Original Complaint") for patent infringement against Plaintiff, in the Marshall Court (Case Number 2:15-cv-01165 and styled *Tony Thai v. Wild Eye Designs, Inc.*) (hereinafter "First-Filed Action"), alleging infringement by Plaintiff of Mr. Thai's rights in the '836 patent. *Id*.  Plaintiff's listed registered agent, Warren Horwitz, was appropriately served with process on July 6, 2015, via certified mail, return receipt requested, and again on August 17, 2015, via certified mail, return receipt requested. *See* **Exhibit A**.  Both times, a signature was evident from the receipt (green card), effectuating service of process. *See id* at "A-2" and "A-3."  To date, Plaintiff has not answered or otherwise responded to the lawsuit in the First-Filed Action. *See* **Exhibit A**.   However,

3

Plaintiff's counsel in the Instant Action has been well aware of the Original Complaint, yet Plaintiff has continued to ignore the First-Filed Action. *Id.*

Dispelling any notion Plaintiff was unaware of the First-Filed Action (or served with process) before Plaintiff filed the Instant Action is the fact Plaintiff wholesale lifted sections of the Original Complaint and placed such sections in Plaintiff's declaratory complaint in the Instant Action.   This copying and pasting even included specific syntax errors in the copied paragraphs.  One example is the following excerpt from Paragraph 18 of the Original Complaint:

> 18.     On March 24, 2015, the USPTO duly and lawfully issued United States Design Patent No. D724,836 ( hereinafter "'836 patent") entitled "Wine Tote," naming Plaintiff as the sole inventor. See Exhibit "2" attached hereto for all purposes, which is a copy of the '836 patent.

See **Exhibit A**, "A-1" at ¶ 18.  The following paragraph, in part, is an excerpt from Paragraph 11 of Plaintiff's declaratory complaint in the Instant Action:

> 11.     On March 24, 2015, the USPTO duly and lawfully issued United States Design Patent No. D724,836 ( hereinafter "'836 patent") entitled "Wine Tote," naming Plaintiff as the sole inventor. See Exhibit "1" attached hereto for all purposes, which is a copy of the '836 patent…

[Dkt. 1, ¶ 11].  Except for the exhibit numbers, the two paragraphs are identical.  Also, note that the syntax errors in the two paragraphs are identical: (1) a space exists between the parenthesis and the word "hereinafter" and (2) the word "Plaintiff" in the Complaint of the Instant Action should have been changed to "Defendant" but apparently Plaintiff forgot to change it (Mr. Thai is the plaintiff in the First-Filed Action and also is now a declaratory defendant in the Instant Action).

A second example of slavish copying found in Plaintiff's declaratory complaint is the following excerpts taken from Paragraph 15 of the Original Complaint in the First-Filed Action:

15.  On July 16, 2014 and again <u>on August 6, 2014, Plaintiff, through his legal counsel,</u> notified Defendant of Defendant's unlawful and infringing activities via <u>a cease-and-desist letter</u> (hereinafter <u>"letters"</u>) <u>wherein Plaintiff demanded that Defendant cease and desist making, using, offering to sell, selling and/or importing the "Freezer Hand Bag,"</u> including any other product that embodies the invention of the "Wine Tote," and demanded that Defendant <u>provide assurances to</u> Plaintiff <u>that it has complied with such demands.</u> Moreover, Plaintiff provided a copy of the design patent application for the "Wine Tote" to Defendant, the copy being attached as an exhibit to each of the letters. *See* <u>Exhibit</u>s "1A" and "1B" <u>attached hereto for all purposes, which is a copy of</u> each of <u>the letters</u> and associated documents.

*See* **Exhibit A**, "A-1" at ¶ 15.  The following is an excerpt from Paragraph 12 of Plaintiff's declaratory complaint in the Instant Action:

12.  Prior to the issuance of the '836 patent, specifically, <u>on</u> or about <u>August 6, 2014, Defendant, through his legal counsel,</u> sent Plaintiff  <u>a cease-and desist letter</u> (hereinafter the "Letter") <u>wherein</u> Defendant accused Plaintiff of infringing the then-pending patent application claim of his design patent application, accused Plaintiff of infringing Defendants' trade dress rights, and <u>demanded that Plaintiff cease and desist making, using, offering to sell, selling and/or importing the "Freezer Hand Bag,"</u> including any other products that embodies the invention of the "Wine Tote," and demanded that Plaintiff <u>provide assurances to</u> Defendants that it had complied with such demands. See Exhibit "2" attached hereto for all purposes, which is a copy of the Letter.

[Dkt. 1, ¶ 12]. The underline portions above in the two excerpts again denote and evidence the sections clear copying by Plaintiff.

### III.  ARGUMENTS AND AUTHORITY

#### A.  Judicial Notice of Pleadings Filed In Another Case Must Be Taken If Requested

A court should take judicial notice if a party requests it, and the court is supplied with the necessary information. Fed R. Evid. 201(c)(2).  It is proper for a court to take judicial notice of a pleading filed in another court – not for the truth of the matter asserted in the pleading but for the subject matter of the previous litigation as set forth in the pleading and that the pleading was

filed.  *Evanston Ins. Co. v. Premium Assignment Corp.*, No. 8:11-cv-2630-T-33TGW, 2012 WL

2585211, at *4 (M.D. Fla. July 3, 2012) (citing *U.S. v. Jones*, 29 F.3d. 1549, 1553 (11th Cir.

1994); *see also Mays v. CitiBank, N.A.*, No. 04-20227-CIV, 2005 WL 6111610, at *8 (S.D. Fla.

April 1, 2005)(Lenard, J.) (citing *MGIC Indemnity Corp. v. Weisman*, 803 F.2d 500, 504 (9th

Cir. 1986) (taking judicial notice of pleadings filed in another case).

### I.   Judicial Notice of the Complaint Filed in First-Filed Action Should Be Taken

Mr. Thai respectfully requests that this Court take judicial notice of the Original

Complaint filed in the First-Filed Action.  Specifically, Mr. Thai requests that the Court take

judicial notice of the Original Complaint for patent infringement filed by Mr. Thai on June 24,

2015, in the United States District Court for the Eastern District of Texas, Marshall Division,

having case number 2:15-cv-01165 and styled *Tony Thai v. Wild Eye Designs, Inc*, alleging

infringement of the '836 patent by Wild Eye Designs. *See* **Exhibit A**, at "A-1."

### B.   First-to-File Rule is governed by Federal Circuit jurisprudence in patent cases

When two actions have been filed in different courts and the actions are sufficiently tied

to patent law, resolution of whether the second-filed action should proceed is governed by the

law of the Federal Circuit.  *Futurewei Technologies, Inc. v. Acadia Research Corp.*, 737 F.3d

704, 708 (Fed. Cir. 2013).  The first-to-file rule exists to avoid conflicting decisions and

promotes comity as well as judicial efficiency.  *Id.*  Federal Circuit law determines the

appropriate forum when there are competing declaratory judgment and infringement actions in

patent cases.  *Faus Group, Inc. v. Berry Floor N.V.*, Civil Action File No. 1:08-cv-315-TWT,

2008 WL 8218101, at *1 (N.D. Ga. June 11, 2008).

If a case is brought under the Declaratory Judgment Act, the district court is not required

to exercise declaratory judgment jurisdiction as it has unique and substantial discretion to decline

that jurisdiction. *Electronics For Imaging, Inc. v. Coyle*, 394 F.3d 1341, 1345 (Fed. Cir. 2005). While the discretion is broad, it is not absolute. *Innovative Therapies, Inc. v. Kinetic Concepts, Inc.* 599 F.3d 1377, 1385 (Fed. Cir. 2010).  Generally, when a district court must choose between accepting jurisdiction over a suit for a declaration of patent rights or yielding to a later-filed infringement suit, the First-Filed Action is preferred. *Serco Servs. Co., L.P., v. Kelley Co., Inc.*, 51 F.3d 1037, 1039 (Fed. Cir. 1995); *Cerro Wire Inc. v. Southwire Co.*, 777 S. Supp. 1334, 1338-39 (N.D. Ga. 2011).

### I.   Federal Circuit law governs whether the Instant Action should be dismissed, stayed or transferred under the first-to-file rule

In the Instant Action, Plaintiff seeks declaratory relief from this Court a) that the '836 patent is unenforceable and invalid and b) that Plaintiff has not and is not infringing the '836 patent by selling the implicated "Freezer Hand Bag" and c) that Plaintiff has not and is not infringing Defendants' trade dress by selling the implicated "Freezer Hand Bag."  In the First-Filed Action, Mr. Thai alleges that Plaintiff has committed, and is committing, infringement of the '836 patent by selling the "Freezer Hand Bag."  Because each case is sufficiently tied to patent law, the Federal Circuit's jurisprudence of the first-to-file rule is applicable here. Furthermore, because the instant case was brought under the Declaratory Judgment Act, this Court has discretion to decline jurisdiction in the instant case, however that discretion is not absolute in that the Federal Circuit generally mandates that the First-Filed action be given preference.

### C.   When a suit for declaratory relief is filed after a suit for infringement, ordinarily the suit for declaratory relief should be stayed, dismissed or transferred to the forum of the infringing action – even when the two cases are not identical

"When two actions that sufficiently overlap are filed in different federal district courts, one for infringement and the other for declaratory relief, the declaratory judgment action, if filed

later, generally is to be stayed, dismissed, or transferred to the forum of the infringing action."
*Futurewei Technologies*, 737 F.3d at 708 (affirming the district court's dismissal of the second-filed action for declaratory judgment of patent non-infringement and patent invalidity under the first-to-file rule).  The "<u>default rule</u>" is to <u>dismiss</u> the declaratory judgment action in a patent case <u>if it is the later filed action</u>. *Marshall v. Ballard Med. Products*, Civil Action No. 1:06-cv-1096-RLV, 2007 WL 647290, at *4 (N.D. Ga. Feb. 26, 2007) (emphasis added).  The filing date of an action derives from the filing of the complaint. *Merial Ltd. v. Cipla Ltd.*, 681 F.3d 1283, 1299 (Fed. Cir. 2012).

When invoking the first-to-file rule, the Federal Circuit jurisprudence does not require that the first-filed action and the second-filed action be identical. *Contentguard Holding, Inc. v. Google, Inc.*, Civil Action Nos. 2:14-cv-00061-JRG, 2:13-cv-01112-JRG, 2014 WL 1477670, at *2 (E.D. Tex. April 15, 2014) (finding that while the first-filed action and second-filed action in a patent case were not a "mirror image" of each other, the two cases substantially overlap thereby necessitating that the first-filed action take precedent).  Rather, the critical inquiry is one of substantial overlap "<u>of issues</u>" in light of considerations of judicial and litigant economy, and the just and effective disposition of disputes. *Id*. (emphasis added); *see also ProofPoint, Inc. v. Innova Patent Licensing LLC*, No. 5:11-cv-02288-LHK, 2011 WL 4915847, at *7 (N.D. Cal. Oct. 17, 2011) (holding that the focus on judicial efficiency underlying the first-to-file rule supported declining jurisdiction in the later-filed declaratory judgment action, even though the plaintiff in the declaratory judgment action had not been named as a defendant in the original patent infringement suit).  In determining whether there is a substantial overlap of issues, district courts interpreting Federal Circuit law have looked to see whether the two concurrent actions

"involve the same patent and the same allegedly infringing product." *Silver Line Bldg. Products LLC v. J-Channel Indus. Corp.*, 12 F. Supp.3d 320, 325 (E.D. N.Y. 2014) (emphasis added).

The *Silver Line Bldg. Products* Court's reasoning is both instructive and persuasive. It reasoned, after a thorough review of recent decisions by district courts interpreting Federal Circuit precedent, that if the same patent and the same allegedly infringing product were alleged in both the first-filed action and the second-filed action, then the two actions substantially overlapped, and the first-to-file rule was properly invoked. It noted that rigid requirement of identical parties or claims in concurrent actions would be at odds with the Federal Circuit's first-to-file jurisprudence, which emphasizes flexibility. *Id*. at 326. Also, it noted that the approach taken by the Federal Circuit and district courts applying Federal Circuit precedent are compatible with decisions of many other courts in non-patent cases. *Id*.

For example, in non-patent cases, the first-to-file jurisprudence in the 11th Circuit runs parallel in many aspects to that of the Federal Circuit's. According to the 11th Circuit, the first-to-file rule provides that, "[w]here two actions involving overlapping issues and parties are pending in two federal courts, there is a strong presumption across the federal circuits that favors the forum of the first-filed suit." *Rudolph & Me, Inc. v. Ornament Cent., LLC*, No. 8:11-cv-670-T-33EAJ, 2011 WL 3919711, at *1 (M.D. Fla. Sept. 7, 2011) (granting defendant's motion to transfer under the first-to-file rule because, while each of the two cases dealt with separate and distinctive copyright and trademark registrations, the underlying issue – the similarities in the features on an ornament at issue – were the same) (emphasis added) (quoting *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005)). "A precise identity of the parties is not required under the first-to-file rule." *Rudolph & Me*, 2011 WL 3919711, at *2.

In patent cases, Florida district courts, applying 11th Circuit precedent, have dismissed or transferred second-file action under the first-to-file rule. *Breckenridge Pharm., Inc. v. KV Pharm. Co.*, No. 08-80963-CIV, 2009 WL 1404698 (S.D. Fla. May 19, 2009) (transferring declaratory judgment action (second-filed action) to the court of the first-filed action under the first-to-file rule because a) the two actions involve substantial overlapping factual and legal issues, b) the second-filed action seeks a declaratory judgment and c) the first-filed action, when expanded, can resolve the entire matter); *Actsoft, Inc. v. Alcohol Monitoring Sys., Inc.*, No. 8:08-cv-00628-T-23-EAJ, 2008 WL 2266254 (M.D. Fla. June 3, 2008) (transferring second-filed action to the court of the first-filed action under the first-to-file rule).  In *Breckenridge Pharm.*, the defendant filed a patent infringement claim against the plaintiff in Missouri district court for infringing a particular patent. *Breckenridge Pharm.*, 2009 WL 1404698, at *1.  About a month and a half later, the plaintiff filed a declaratory judgment action in district court of the Southern District of Florida, requesting a declaration of non-infringement of that particular patent as well as of invalidity of that patent. *Id.*  The defendant moved the Court to dismiss or, in the alternative, to transfer that case to the Missouri court under the first-to-file rule. *Id.*  The plaintiff argued that the two actions did not involve the same allegedly infringing products and that the plaintiff had asserted other, additional claims as well in the Florida action. *Id.* at *3.  But, the Court did not find plaintiff's argument persuasive and granted defendant's motion to transfer. *Id.* at *6.  The Court reasoned that "both actions involve the same parties and the same patent," and, therefore, the two cases substantially overlapped. *Id.* at *3.

Similarly, in *Actsoft*, the defendant sued plaintiff in a Colorado district court for infringement of a particular patent by making and selling a bracelet. *Actsoft,* 2008 WL 2266254, at *1.  Thereafter, plaintiff sued defendant in a Florida district court for making false and

misleading representations in violation of the Lanham Act in connection with the bracelet. *Id*. The defendant moved, under the first-to-file rule, to dismiss or, in the alternative, to transfer the case to the court in the Colorado action. *Id*.  The *Actsoft* court reasoned that because the two actions involved common subject matter, the district court in Colorado, which was the court of the first-filed action, should resolve the controversy fully. *Id*.  As such, the Court granted defendant's motion to transfer the case to the court in the Colorado action. *Id*. at *2.

**I. Because (a) before the filing of the Instant Action, Mr. Thai filed an infringement action against Plaintiff for infringing the '836 patent by selling the "Freezer Hand Bag" and (b) the Instant Action seeks declaratory relief of non-infringement of the '836 patent in the selling of the "Freezer Hand Bag," of invalidity of the '836 patent and of non-infringement of trade dress rights in the selling of the "Freezer Hand Bag," the Instant Action should be dismissed or, in the alternative, should be transferred to the court of the First-Filed Action in Texas under the first-to-file rule as the two cases substantially overlap since each case encompasses the same patent (the '836 patent) and the same infringing product (the Freezer Hand Bag)**

On June 26, 2015, Mr. Thai filed a patent infringement action against Plaintiff in the Eastern District of Texas, Marshall Division, alleging infringement of the '836 patent because of the manufacturing and selling of Plaintiff's product entitled "Freezer Hand Bag."  On August 18, 2015, about a month and a half after the filing of the First-Filed Action, Plaintiff filed the Instant Action, seeking declaratory relief that it has not infringed the '836 patent and that the '836 patent is invalid and unenforceable.  Furthermore, additionally Plaintiff seeks declaratory relief that it is not violating Defendants' trade dress by selling the product entitled "Freezer Hand Bag."

The First-Filed Action and the Instant Action involve the same patent and the same infringing product, namely, the '836 patent and Plaintiff's implicated "Freezer Hand Bag" product, respectively.  Even Plaintiff's request for declaratory relief concerning Defendants' trade dress involves the same allegedly infringing product: the "Freezer Hand Bag."  Therefore, there is a substantial overlap of issues between the two actions.

Moreover, while identicalness of parties is not required under the first-to-file rule, the parties to the two actions are nearly identical.  In the First-Filed Action, Mr. Thai (the patentee) sued Plaintiff for patent infringement, but in the Instant Action, Plaintiff sued Mr. Thai (the patentee) as well as the patentee's licensee, Primeware, for declaratory relief of non-infringement.  Mr. Thai has licensed the rights of the '836 patent to Primeware.  Therefore, bolstering the argument for dismissal under the first-to-file rule if the fact that the parties are nearly identical.

Additionally, per the Federal Circuit in *Futurewei Technologies*, the Instant Action should be dismissed because it is a declaratory judgment action that was instituted after the First-Filed Action for patent infringement was filed.  <u>Dismissal</u> is the "default rule" according to the *Marshall* court, interpreting Federal Circuit jurisprudence.  Additionally, per the *Contentguard Holding*, *ProofPoint* and *Silver Line Bldg. Products* Courts, since the two actions substantially overlap in that both actions encompass the same issues, the same patent  and the same infringing product, dismissal or, in the alternative, transfer to the court of the first-file action is proper under the first-to-file rule.

Even under 11th Circuit jurisprudence of the first-to-file rule, the Instant Action should be dismissed or, in the alternative transferred.  The Instant Action is very similar factually to the facts in *Breckenridge Pharm.*  In *Breckenridge Pharm*, after a patent infringement lawsuit was brought against an alleged infringer, the alleged infringer filed a declaratory judgment action, seeking a declaration of non-infringement and of invalidity of the patent and also asserted various other claims as well.  Here, Mr. Thai filed an infringement lawsuit against Plaintiff, and then Plaintiff filed a declaratory judgment action of non-infringement and of invalidity and also raised an additional issue: declaration of non-infringement of trade dress.  But the trade dress

issue concerns the same infringing product, the "Freezer Hand Bag." The *Breckenridge Pharm* found that the Defendant in that case had properly invoked the first-to-file rule, and so should the Court in the Instant Action.

**D.      The first-to-file rule dictates not only which forum is appropriate but also dictates which forum should <u>decide</u> which forum is appropriate**

Federal Circuit jurisprudence dictates that once the "substantial similarity threshold [between two cases] is crossed, the first-to-file rule accords the **first-filed** court the responsibility to determine which case should proceed." *RPost Holding, Inc. v. Sophos, Inc.*, Case No. 2:13-cv-959, 2014 WL 10209205, at *1 (E.D. Tex. Aug. 20, 2014) (emphasis in original) (in a patent case, granting defendant's motion to transfer under first-to-file rule so that the court in the first-filed action can determine which action should proceed). The <u>court of the first-filed action</u> is the proper forum to decide which of the two cases should proceed under the first-to-file rule. *Silver Line Bldg. Products*, 12 F. Supp. at 328 (emphasis added). "The judge in the first-filed case [concerning a patent and/or patent infringement] should make the initial ruling on whether the 'convenience factors' outweigh the first-filed rule." *Faus Group Inc. v. Berry Floor N.V.*, Civil Action File No. 1:08-cv-315-TWT, 2008 WL 8218101, at *1, (N.D. Ga. June 11, 2008).

Section 1404(a) provides that "for the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district of division to which all the parties have consented. 28 U.S.C. § 1404(a). Factors to be considered in determining the propriety of transfer include: 1) the convenience of the witnesses; 2) the location of relevant documents and the relative ease of access to sources of proof; 3) the convenience of the parties; 4) the locus of operative facts; 5) the availability of process to compel the attendance of unwilling witnesses; 6) the relative means of the parties; 7) a forum's familiarity with the governing law; 8) the weight

accorded a plaintiff's choice of forum; and 9) trial efficiency and the interest of justice, based upon the totality of circumstances. *Kvar Energy Sav., Inc. v. Tri-State Energy Solutions, LLP*, No. 6:08-cv-85-ORL-19KRS, 2009 WL 103645, at \*15 (M.D. Fla. Jan. 15, 2009) (granting defendant's motion to transfer under the first-to-file rule to the court of the first-filed action). While the convenience factors of § 1404(a) are appropriate to consider under the first-to-file rule, the factors must be considered by the court of the first-filed action – not the court of the second-filed action. *Faus Group Inc.*, 2008 WL 8218101, at \*1.

Silver Line Bldg. Products* is instructive in that it provides an analysis of district court decisions interpreting Federal Circuit law on this particular point.  The *Silver Line Bldg. Products* court (the court hearing the second-filed action) deferred to the first-filed court for a determination of whether the convenience factors under 28 U.S.C. § 1404(a) warranted departure from the first-to-file rule. *Silver Line Bldg. Products*, 12 F. Supp. at 329; *see, e.g.*, *Cellectis S.A. v. Precision Biosciences, Inc.*, 881 F.Supp.2d 609, 613 (D. Del. 2012) (concluding that first-filed forum should "determine whether exceptions to the first-filed rule apply); *EMC Corp v. Bright Response, LLC*, No. C-12-2841-EMC, 2012 WL 4097707, at \*5 (N.D. Cal. Sept. 17, 2012) (applying Federal Circuit law, concluding that "resolution of whether any exceptions should trump the rule is best determined by the [court in which the first action was filed]"); *Mycone Dental Supply Co., Inc., v. Creative Nail Design, Inc.*, Civil Action No. 11-4380 (JBS/KMW), 2012 WL 1495496, at \*1 (D. N.J. Apr. 26, 2012) (in patent case, concluding that "[t]he same considerations of comity and efficiency that animate the First-filed Rule also dictate that the court in which the matter was first-filed should be the forum to determine which court is the more appropriate forum to ultimately adjudicate the merits of this matter"); *Drew Techs., Inc. v. Robert Bosch, L.L.C.*, No. 11-15068, 2012 WL 314049, at \*6 (E.D. Mich. Jan. 31, 2012) ("[T]he

determination of the appropriate venue for this dispute should not be made in this court.  Rather, that decision should be left to the … first-filed court."); *Genentech, Inc. v. GlaxoSmithLine LLC*, No. 10-cv-04255-JF, 2010 WL 4923954, at *4 (N.D. Cal. Dec. 1, 2010) (holding that "the court with jurisdiction over the first-filed action should weigh the convenience factors in the first instance").

The *Silver Line Bldg. Products* court noted that if the court of the second-filed action were to determine that an exception to the first-to-file rule applied under the convenience factors of § 1404(a), it would have no authority to reach out and grab the first-filed action. *Silver Line Bldg. Products*, 12 F. Supp. at 329.  If one district court could divest another district court of jurisdiction, then administration of justice would be chaotic. *Id*.  As such, the principle of deferring to the first-filed forum even on the issues of the convenience factors comports with the basic principles of promoting judicial efficiency and avoiding duplicative litigation that underlie the first-to-file doctrine. *Id*.

Moreover, concerning the determination of which court decides the convenience factors, the 11th Circuit's jurisprudence appears to be identical to that of the Federal Circuit's.  District courts in the 11th Circuit have held that "once a court has determined that a likelihood of substantial overlap exists between two suits, it is <u>no</u> longer within the second court's <u>discretion</u> to resolve questions of whether both suits should be allowed to proceed. *Ass Armor, LLC v. Under Armour, Inc.*, No. 15-20853-CIV, 2015 WL 2155724, *2 (S.D. Fla. May 7, 2015) (emphasis added); *see also Supreme Int'l Corp v. Anheuser-Busch, Inc.*, 972 F. Supp. 604, 607 (S.D. Fla. 1997) ("[T]he first-filed court is the more appropriate forum in which to determine whether the first-filed case should proceed, or whether it should give way for reasons of judicial economy to this action."); *Colorall Technologies Int'l, Inc. v. Plait*, No. 05-60401-CIV-COHN,

15

2005 WL 4655380, at *6 (S.D. Fla. July 15, 2005) (concluding that the judge in the forum of the first-filed action should decide which of the two cases should proceed under the first-to-file rule).

I. **The first-to-file rule dictates that the court in which Mr. Thai filed the patent infringement lawsuit against Plaintiff (the First-Filed Action) is the appropriate court to decide which action should proceed, including an assessment and  determination of the convenience factors**

If Plaintiff wishes to assert that the forum of the Instant Action is the most convenient for it under the convenience factors of § 1404(a), and, therefore, that the Instant Action should remain here in this Court, it may do so, but it must do so to the court of the First-Filed Action pursuant to the first-to-file rule.  Per *RPost Holding*, *Silver Line Bldg. Products* and *Faus Group*, the court of the First-Filed Action where Mr. Thai sued Plaintiff for infringing the '836 patent is the court that must decide which case (the Instant Action or the First-Filed Action) should proceed.  Then, Plaintiff, if it so desires, can move the first-file court to transfer the case based on the convenience factors of § 1404(a) or for other reasons.

While it is not necessarily relevant at this stage, it should be noted that before moving to California, Mr. Thai was a resident of Plano, Texas, a city within the jurisdiction of the Eastern District of Texas (the district in which the First-Filed Action was brought).  Mr. Thai engaged patent counsel in the surrounding area to assist him in prosecuting the patent application for the '836 patent, specifically the law firm of Gagnon, Peacock & Vereeke P.C.  The law firm of Gagnon, Peacock & Vereeke, P.C., is located in Texas and assisted Mr. Thai in the prosecution of the patent application from filing to issuance.  As such, witnesses and documents regarding the prosecution of the '836 patent can be found in Texas.  Additionally, witnesses to the invention created by Mr. Thai may be found in Texas.  Also, witnesses to the infringement by Plaintiff's retailer, Total Wine and More, can be found in Texas.  Mr. Thai purchased the "Freezer Hand Bag" from Plaintiff's retailer in Texas.  Employees of Plaintiff's retailer, Total

Wine and More, which sold the "Freezer Hand Bag" to Mr. Thai are in Texas.  Therefore, in view of the above, the first-to-file court, when determining the convenience factors will likely find that the convenience of the witnesses, location of relevant documents, convenience of the parties, locus of operative facts, availability of process to compel attendance of unwilling witnesses, the relative means of the parties, the first-filed forum's familiarity with the governing law, the weight according Mr. Thai's choice of forum and trial efficiency and the interest of justice, all weigh in favor for Mr. Thai and the forum of the First-Filed Action.  However, it is not for this Court to decide, it is for the court of the First-Filed Action to decide.

Per the reasoning of *Silver Line Bldg. Products*, if this Court were to decide that the convenience factors weighed in favor for not dismissing or transferring the Instant Action, then there would be two courts simultaneously hearing and deciding the same issues of patent infringement and of patent invalidity.  Moreover, the same documents and witnesses would have to be produced to both courts by both parties, and both courts would have to construe the same claims of the patent as well as make determinations concerning challenges to the patent's validity.  It is likely that the costs and expenses borne by each party would be double because each party would be litigating the same issue twice.  Moreover, additional judicial resources than necessary would be spent needlessly.  Thus, the principle of deferring to the first-filed forum even on the issues of the convenience factors comports with the basic principles of promoting judicial efficiency and avoiding duplicative litigation that underlie the first-to-file doctrine.

E.     **A declaratory judgment action should be dismissed if that action was filed in anticipation of the filing of another lawsuit or if the Plaintiff in the declaratory judgment action is acting in bad faith**

"A district court may decline to entertain a declaratory judgment action when the action was filed in anticipation of another imminent proceeding." *Vital Pharm., Inc. v. Cytosport, Inc.*,

No. 08-61753-CIV, 2009 WL 302277, at \*3 (S.D. Fla. Feb. 9, 2009) (dismissing declaratory judgment action because it was filed in anticipation of another action).  Furthermore, in deciding whether to dismiss a declaratory judgment action, a court, weighing equitable factors, may consider the behavior of the parties with respect to the legal process. *Id.* at \*4.

I.   **The Instant Action for declaratory relief should be dismissed because (a) after having been served with process with the First-Filed action, Plaintiff filed the Instant Action, which is an anticipatory lawsuit and (b) Plaintiff is acting in bad faith by willfully and deliberately ignoring the First-Filed Action**

In the First-Filed Action, Mr. Thai's legal counsel served Plaintiff with service of process on July 6, 2015 and again on August 17, 2015, and received signed green cards via certified mail evidencing service of process.  On August 18, 2015, one day after receiving service of process for the patent infringement lawsuit, Plaintiff filed the Instant Action.  It is clear that the Instant Action is an anticipatory lawsuit.  Because the Instant Action for declaratory relief was filed in anticipation of the patent infringement action, per *Vital Pharm*, this action should be dismissed.

Moreover, Plaintiff is acting in bad faith with respect to the legal process.  As noted previously, it is apparent that Plaintiff lifted portions of the text of the Original Complaint that was filed in the First-Filed Action and dropped them into the Complaint that was filed in the Instant Action all the while willfully and deliberately failing to respond to the First-Filed Action.  Additionally, on September 11, 2015, in a phone conversation and in later subsequent emails, Mr. Aaron Peacock, counsel for Mr. Thai in the first-filed patent infringement lawsuit, corresponded with Mr. Craig Kirsch, counsel for Plaintiff in the Instant Action.  During their communications, Mr. Peacock informed Plaintiff's counsel about the patent infringement lawsuit and Plaintiff's counsel acknowledged his awareness about it, but, to date, Plaintiff has not answered or otherwise responded to it.  Instead, Plaintiff is simply ignoring it.  This is bad behavior on the part of the Plaintiff and should not be tolerated by this Court.  Per *Vital Pharm*

and the principles of equity, this Court should dismiss the Instant Action because the Plaintiff is acting in bad faith.

## IV.  CONCLUSION

For the foregoing reasons, Defendant Mr. Thai respectfully moves this Court to dismiss the Instant Action with prejudice or, in the alternative, to transfer the Instant Action to the United States District Court for the Eastern District of Texas, Marshall Division and for such other and further relief to which Mr. Thai may be justly entitled.

Respectfully submitted this October 2, 2015.

<u>**s/Robert H. Thornburg**</u>
Robert H. Thornburg
Florida Bar No. 630829
E-Mail: rthornburg@addmg.com
ALLEN, DYER, DOPPELT, MILBRATH
      & GILCHRIST, P.A.
1221 Brickell Ave., Suite 2400
Miami, FL  33131
Telephone:    (305) 374-8303
Facsimile:    (305) 374-8306

Aaron P. Peacock
*(Pro Hac Vice Admission forthcoming)*
E-Mail: aaron@gapslaw.com
GAGNON, PEACOCK & VEREEKE, P.C.
Highland Park Tower, Second Floor
4245 N. Central Expressway
Suite 250, Lock Box 104
Dallas, TX  75205
Telephone:    (214) 824-1414
Facsimile:    (214) 824-5490

*Counsel for Defendants*
*Tony Thai and Primeware, Inc.*

19

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on October 2, 2015, I presented the foregoing to the Clerk of the Court for uploading to the Case Management/Electronic Case Files ("CM/ECF") System, which will send a Notice of Electronic Filing to:

Craig S. Kirsch
Fla. Bar 26318
E-Mail: ckirsch@kirschlawfirm.com
KIRSCH LAW FIRM
40 NE 1 Avenue, Suite 602
Miami, FL  33132
Telephone:    (305) 416-4051
Facsimile:    (786) 217-6874

*Counsel for Plaintiff*
*Wild Eye Designs, Inc.*

                                        *s/Robert H. Thornburg*
                                        Robert H. Thornburg