UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF FLORIDA

WILD EYE DESIGNS, INC.,

   Plaintiff,

v.            Case No. 1:15-cv-23093-JAL

TONY THAI AND PRIMEWARE, INC.,

   Defendants.

_____/

### DEFENDANT TONY THAI'S REPLY TO PLAINTIFF WILD EYE DESIGNS, INC.'S RESPONSE IN OPPOSITION TO DEFENDANT TONY THAI'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER

Defendant TONY THAI ("Mr. Thai") submits his reply to Plaintiff WILD EYE DESIGNS, INC's ("Plaintiff") response in opposition ("Response") (D.E. 17) to his motion to dismiss Plaintiff's declaratory complaint or, in the alternative, to transfer this lawsuit under the first-to-file rule (the "Motion") and respectfully submits unto the Court as follows:

  **A. Whether knowingly or not, Plaintiff <u>admits</u> that, under the application of Federal Circuit law, the First-Filed Action and the instant action substantially overlap.**

In its Response, Plaintiff admits explicitly that, in the instant action, it is requesting a judicial declaration as to whether Mr. Thai possesses valid patent rights in U.S. Design Patent No. D724,836 (the "'836 patent") and whether Plaintiff's product, the "Freezer Hand Bag," infringes upon said rights. [D.E. 17, Pg. 1].  Moreover, in its recent filing entitled PLAINTIFF WILD EYE DESIGNS INC'S NOTICE OF PENDING, REFILED, RELATED OR SIMILAR ACTIONS, Plaintiff admits explicitly that Case Number 2:15-cv-01165, styled *Tony Thai v. Wild Eye Designs, Inc.*, is currently pending in the U.S. District Court for the Eastern District of Texas (hereinafter "the First-Filed Action") and that "[Mr. Thai], owner of [the '836 patent], filed an action for patent infringement on July 24, 2015, against [Plaintiff] for allegedly infringing his

rights in the '836 patent by making, using, offering to sell, selling and/or importing a product entitled 'Freezer Hand Bag.'" [D.E. 27, Pg. 1].  Therefore, Plaintiff admits that the First-Filed Action and the instant action involve the <u>same patent</u> and the <u>same infringing product</u>.  As discussed in Mr. Thai's Motion to Dismiss or, in the Alternative, to Transfer (hereinafter "Motion"), courts interpreting Federal Circuit law have determined that, under the first-to-file rule, if two cases involve the same patent and the same infringing product, then the two cases substantially overlap, and the first-to-file rule is properly invoked. [D.E. 12, Pg. 7-11].

Notwithstanding the above, Plaintiff attempts to assert that the two cases do not overlap because a) Primeware, Inc., a Defendant in the instant action and licensee of the '836 patent, is not a named party in the First-Filed Action and b) the instant action includes an additional related trade dress issue not addressed in the First-Filed Action. [D.E. 17, Pg. 2].  For support, Plaintiff cites two cases, namely, *Club Vista Fin. Services, LLC v. Maslon, Edelman, Borman & Brand, LLP*, No. CV 10-0412-PHX-GMS, 2010 WL 2231926 (D. Ariz. June 2, 2010) and *Benjamin Franklin Franchising, LLC v. On Time Plumbers, Inc.*, Case No. 8:14-cv-1209-T-30AEP (M.D. Fla. Sept. 19, 2014) (unpublished).  However, neither purported authority remotely stands for the proposition that Plaintiff asserts, and instead, supports the opposite.  Moreover, neither case addresses the first-to-file rule as applied by the Federal Circuit (or has anything remotely to do with patent law).

> 1. **Plaintiff's cited cases do not support its position that the first-to-file rule requires identicalness of parties between the two actions**
>
> > a. The *Club Vista Fin. Services* case

In *Club Vista Fin. Services*, two clients jointly sued the law firm they had employed for legal malpractice in federal district court in Arizona after the law firm incorrectly prepared loan documents relating to the development of commercial property in Arizona.  *Club Vista Fin*

*Services*, 2010 WL 2231926, at *1.  The law firm invoked the first-to-file rule because of an action pending in federal district court in North Dakota that pertained to a legal malpractice claim against the law firm with respect to real estate transactions in Nevada. *Id*. at *7.

The *Club Vista Fin. Services* court held the first-to-file rule inapplicable because the parties and the issues were not substantially similar: the Arizona case dealt with a legal malpractice claim related to real estate transactions (property development) in Arizona whereas the North Dakota case dealt with a legal malpractice claim related to real estate transactions (property development) in Nevada, and the North Dakota case comprised several additional parties which included only one of the two clients in the Arizona case but not both. *Id*. at *7. Contrary to Plaintiff's assertion that differences in parties itself defeat a proper invocation of the first-to-file rule, the *Club Vista Fin. Services* court explicitly stated that under the first-to-file rule, "<u>the parties</u> and the issues <u>need not be identical</u>." *Id*. at *6 (emphasis added).  All that is required is a similarity or overlap. *Id*.  Clearly, the Arizona case and the North Dakota case were not similar, so the first-to-file rule was held inapplicable.

### *b*.  The *Benjamin Franklin Franchising* case

In *Benjamin Franklin Franchising*, a franchisor sought a declaratory judgment in Florida federal district court against a franchisee requesting, *inter alia*, a declaration that it could terminate the franchise agreement between itself and the franchisee.  [D.E. 21-1, Pg. 30].  Per the franchise agreement, the franchisor would provide assistance to the franchisee in connection with a business venture related to residential plumbing. [D.E. 21-1, Pg. 31].  Importantly, the franchise agreement comprised a "forum-selection" clause, which the Court stated was mandatory and would only be disturbed upon a "strong showing" that enforcement of the clause would be unfair or unreasonable. [D.E. 21-1, Pg. 35-36].  The franchisee moved to dismiss under the first-to-file rule because of a pending California federal district court action wherein the

owner of the franchisee sued the parent company of the franchisor, seeking a declaratory judgment that a letter of intent concerning other business venues between them was not binding. [D.E. 21-1, Pg. 32].

The *Benjamin Franklin Franchising* court reasoned that the subject matter of the Florida action and the California action were "separate and distinct" because the California action stemmed from a dispute regarding a letter of intent to which neither the franchisor or franchisee was a party, and the California action did not contain any claims relating to the franchise agreement or to the business venture pertaining to residential plumbing. [D. E. 21-1, Pg. 39-40]. Thus, the California action did not overlap with the Florida action.  The court held that since the parties and the subject matter of the two cases did not overlap, the first-to-file rule was inapplicable.

*Benjamin Franklin Franchising* and *Club Vista Fin. Services* do not support Plaintiff's position of identicalness of parties.  In fact, both cases state that identicalness of parties is not necessary under the first-to-file rule.  So, both cases buttress Mr. Thai position that the first-to-file rule controls here since the parties to the First-Filed action (Mr. Thai and Plaintiff) and the parties to the instant action (Mr. Thai, Plaintiff and Primeware, Inc.) are substantially similar and overlap.  Moreover, the *Benjamin Franklin Franchising* court acknowledged the 11th Circuit jurisprudence on the first-to-file rule, namely, that the party "objecting to the jurisdiction of the first-filed forum carries the <u>burden</u> of proving "<u>compelling circumstances</u>" to warrant exception of the first-filed rule" and that once the second-filed forum determines that the two cases overlap, the court of the second-filed forum should let the court of the first-filed forum decide which case should proceed [D.E. No. 21-1, Pg. 38-39] (emphasis added) (quoting *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir 2005)).  Here, it is <u>Plaintiff's burden to prove compelling</u>

circumstances to warrant exception to the rule, and Plaintiff has not done so.  Plaintiff has not

even made a reasonable attempt at doing so.

B. **Because trade dress rights and patent rights are linked together, the First-Filed Action can be expanded to address the trade dress issues asserted in the instant action**

Additionally, Plaintiff argues that the first-to-file rule should not be followed here

because the instant action addresses trade dress rights which are currently not being addressed in

the First-Filed Action. [D.E. 17, Pg. 2].  Thus, according to Plaintiff, while the instant action

affords complete relief to all the parties, the First-Filed Action cannot. *Id*.  Yet, Plaintiff provides

no support, reason or authority as to why the First-Filed Action cannot be expanded to include

the relief Plaintiff seeks in regard to trade dress rights.

In many respects, trade dress rights and design patent rights go hand in hand and are

linked together.  Sometimes, one's existence can support the other's existence.  For example,

according to Professor McCarthy, a design patent can be used to support the existence of trade

dress rights in a product. 1 McCarthy on Trademarks and Unfair Competition § 7.93 (4th ed.)

(2015).  Specifically, Professor McCarthy states, in part, as follows:

> A design patent, rather than detracting from a claim of nonfunctional trade dress
> or trademark, may support such a claim.  Since a design patent is granted only for
> nonfunctional designs, it may be presumptive evidence of nonfunctionality and
> thus support the trademark [or trade dress] claimant.

*Id*. (emphasis added).  Therefore, when litigating the trade dress issue, whether in the instant

action or in the First-Filed Action, the '836 patent may be used as presumptive evidence to

support the trade dress rights of Mr. Thai and/or Primeware, Inc.

Moreover, when a court dismisses or transfers a case under the first-to-file rule, the court

of the first-filed forum may expand the case based upon what was filed in the second-filed

forum. [D.E. 12, Pg. 7-11]; see also *Breckenridge Pharm., Inc. v. KV Pharm. Co.*, No. 08-80963-

CIV, 2009 WL 1404698 (S.D. Fla. May 19, 2009) (in a patent case, transferring declaratory action (second-filed action) to the court of the patent infringement action (first-filed action) under the first-to-file rule even though the declaratory Plaintiff filed additional causes of action in the second file action and noting that the first-filed action, when expanded, can resolve the entire matter).  So, obviously the First-Filed Action can be expanded to address the trade dress rights that Plaintiff have raised in the instant action.

      **C.**      **Mr. Thai did not forum shop by filing the First-Filed Action in Texas because he has many connections to Texas, including connections regarding the '836 patent as well as the infringement thereof by Plaintiff, and Plaintiff's assertion otherwise, without evidence, are baseless and conclusory.**

Next, Plaintiff argues that the Court should not grant Mr. Thai's Motion because Mr. Thai forum shopped when he filed the First-Filed Action in the Eastern District of Texas. [D.E. 17, Pg. 2, 4, 6-7).  Offering no evidence for support, Plaintiff provides little more than conclusory and baseless statements for its position.  Apparently, Plaintiff's position rests on its subjective belief that the United States District Courts in the Eastern District of Texas are biased in favor of patent infringement plaintiffs. *Id.*

Plaintiff's conclusory statement of forum shopping is not only factually incorrect but is also legally insufficient. *See Shire U.S., Inc. v. Johnson Matthey, Inc.*, 543 F. Supp. 2d 404, 410 (E.D. Pa. 2008) (in patent case, finding that when analyzing the forum shopping exception to the first-to-file rule, the assertion that the plaintiff in the first-filed action has no connection to the first-filed forum and, thus, forum shopped, without more, is nothing more than conclusory statement).  Moreover, the Federal Circuit has stated that its creation "has in large part tempered the impact of forum shopping in patent cases, so the stakes of a race to the courthouse are less severe." *Serco Services Co., L.P., v. Kelley Co., Inc.*, 51 F.3d 1037, 1040 (Fed Cir. 1995).

6

1.   The *Beta Construction* case

For authority, Plaintiff cites to *Nat'l Union Fire Ins. Co. of Pittsburgh, P.A. v. Beta Construction LLC*, Case No. 8:10-cv-1541-T-26TBM (M.D. Fla. Sept. 24, 2010) (unpublished). [D.E. 17, Pg. 6].   But, true to form, *Beta Construction* is wholly and completely inapplicable here.   In *Beta Construction* (the second-filed action), the parties were litigating over insurance policy coverage issues with respect to claims concerning defective dry wall that had been installed in Florida homes. [D.E. 21-1, Pg. 3].   Defendant moved the court to dismiss, stay or transfer that action under the first-to-file rule because of an action pending in Louisiana (the first-filed action and pendency of multidistrict litigation MDL-2047 on the matter). *Id*.   The court denied the motion because "neither the parties nor the issues in this action and the Louisiana action substantially overlap[ped]" and because the Louisiana action "appear[ed] to lack personal jurisdiction over [certain parties in the instant action]" and therefore, several of the "counts in the instant action … cannot be resolved in the Louisiana action." [D.E. 21-1, Pg. 10].   In regard to alleged forum shopping, the court stated that "the record reveals no reason other than the pendency of MDL-2047, which has decided not to accept transfer of insurance coverage issues, to support movant's selection of the Eastern District of Louisiana." [D.E. 21-1, Pg. 12].

In contrast to *Beta Construction* and discussed in Mr. Thai's Motion, Mr. Thai and Primeware, Inc., have numerous, substantive connections to the Eastern District of Texas, specifically in relation to the facts of this case. [D.E. 12, Pg. 2-3, 16-17].   Moreover, Texas is where the infringement of the '836 patent occurred. *Id*.   Specifically, a) Mr. Thai was a resident of Plano, Texas, a city located within the jurisdiction of the Eastern District of Texas for at least eight (8) years before moving to California along with his business, Primeware, Inc.; b) years prior to the instant litigation, Mr. Thai engaged patent counsel to prosecute the patent application that ultimately issued as the '836 patent and so all witnesses and documents relating to the '836

patent and its prosecution are located in Texas; c) witness to the invention of the '836 patent are located in Texas; d) witnesses to the Plaintiff's retailer selling the "Freezer Hand Bag," which infringed the '836 patent, are located in Texas; and e) employees of Plaintiff's retailer, which sold the "Freezer Hand Bag" to Plaintiff, are located in Texas. *Id*. In view of the above, it is clear that Mr. Thai did not forum shop when he filed the First-Filed Action in Texas.

Conversely, in its Response, Plaintiff provides <u>only one reason</u> (convenience factor) for keeping the action in Florida, namely, that Plaintiff intends on using handbag design experts that reside in Florida. [D.E. 17, Pg. 10]. But, "[c]onvenience of expert witnesses is entitled to little or no consideration under § 1404(a)." *Suomen Colorize Oy v. Dish Network LLC*, 801 F. Supp. 2d 1334, 1339 (M.D. Fla. 2011). So, essentially, Plaintiff provides <u>no reason or convenience factor</u> for keeping the case in Florida.

While the court of the First-Filed Action should decide which action should proceed under the first-to-file rule, this court should not overlook the fact that Mr. Thai has presented many different factors which would permit the court of the First-Filed Action to keep the action in that particular court and that Plaintiff has presented no factors that would permit the court of the First-Filed court to maintain the action in the instant court. Clearly, Plaintiff has not and cannot set forth any factual reasons why the instant action should proceed instead of the First-Filed Action.

**D.     Receipt of service of process is not considered in an analysis of first-to-file rule**

Finally, Plaintiff asserts that the first-to-file rule is not applicable here because Plaintiff's registered agent, Mr. Horwitz, allegedly did not receive service of process with the First-Filed Action since he was out of the State of Florida both times that service of process was attempted by Mr. Thai's legal counsel. [D.E. 17, Pg. 3]. According to Plaintiff, because it was not served with process, Mr. Thai's Motion is premature and the first-to-file rule is inapplicable. *Id.* at Pg. 4.

While service of process for the First-Filed Action was effectuated on Plaintiff twice by Mr. Thai's counsel as evidenced by signed green cards, Plaintiff argues that it did not receive service and provides <u>no authority</u> in its Response for its position that the first-to-file rule is inapplicable when service of process for a first-filed action is unsuccessful.  To the contrary, courts that have considered such a position have rejected it.  The United States District Court for the Middle District of Florida recently ruled, "[A] first-filed analysis turns on when the initial complaints were filed, not when the parties were served."  *Evergreen Media Holdings, LLC v. Paul Rock Produced, LLC,* 2015 U.S. Dist. LEXIS 43666 (M.D. Fla. Apr. 2, 2015); *Dermamed Techs. Corp. v. Passmore Labs*, 2011 U.S. Dist. LEXIS 49947, at * 22-23 (S.D. Ala. Apr. 21, 2011) ("The Eleventh Circuit follows . . . that in the event of parallel litigation in different courts, the first court in which jurisdiction attaches should hear the case . . ."); *see also Wheaton Indus., Inc. v. Aalto Scientific, Ltd.*, Civil No. 12-6965(RMB-JS), 2013 WL 4500321, *3 (D. N.J. Aug. 21, 2013) ("The filing of the Complaint, and not service, is the operative trigger for the first-to-file rule.  Hence, it is not called the 'first-to-file-and-serve' rule.").

In its Response, Plaintiff did not refute that it copied major portions of Mr. Thai's Complaint filed in the First-Filed Action and pasted those portions into Plaintiff's Declaratory Complaint in the instant action.  Thus, *arguendo*, even if Mr. Horwitz was not served with the First-Filed Action, clearly Plaintiff's legal counsel knew of the First-Filed Action before the filing of the instant action.

E.       **Plaintiff does not have a registered agent residing in Florida and, thus, is violating Florida law**

On information and belief, Mr. Horwitz, Plaintiff's registered agent, is <u>not a resident</u> of Florida.  Multiple times over the last few years, Mr. Horwitz has certified to the United States Patent & Trademark Office that he is a resident of Toronto, Ontario, Canada.  *See* US Patent

Nos. D707,021 (June 17, 2014), 8,220,159 (Jul. 17, 2012), D626,793 (Nov. 9, 2010). Furthermore, in its Response, <u>Plaintiff admits</u> that about the time that Mr. Thai's legal counsel attempted to serve Plaintiff with service of the First-Filed Action, Mr. Horwitz was in Toronto and in other various cities of the world. [D.E. 17, Pg. 3-4].

Florida law requires that each corporation in Florida "<u>have and continuously maintain in this state</u> … <u>a registered agent</u>, who may be … an individual <u>who resides in this state</u>…" FLA. STAT. § 607.0501(1)(b) (2015).   If a corporation fails to have a registered agent who continuously resides in Florida, then the Department of Legal Affairs may file an action against that corporation. FLA. STAT. § 607.0505(b) (2015).  Because Mr. Horwitz does not continuously reside in Florida, and Plaintiff essentially admits as much, Plaintiff is in direct violation of Florida law.  Plaintiff's actions are likely calculated to avoid and disrupt the serving of the lawsuit, thereby causing the exact situation in which the litigants of the instant case find themselves.  This Court should not reward Plaintiff for admittedly flaunting Florida law.

While service of process of the First-Filed Action is not considered in the application of the first-to-file rule, Plaintiff's blatant violation of Florida law and its attempt to dodge service of process by not having a registered agent in Florida demonstrates bad faith.  A court can consider the behavior of the parties in assessing whether to dismiss a declaratory judgment.  Here, the Court should not tolerate such behavior by Plaintiff, and Mr. Thai respectfully requests that the Court dismiss the instant action or, in the alternative, to transfer it to the First-Filed Action.

Respectfully Submitted,

/s/  **Robert H. Thornburg**
Robert H. Thornburg
Florida Bar No. 630829
rthornburg@addmg.com
ALLEN, DYER, DOPPELT,
MILBRATH & GILCHRIST, P.A.
1221 Brickell Avenue, Suite 2400
Miami, Florida 33131
Telephone:  (305) 374-8303
Facsimile:  (305) 374-8306

*Counsel for Defendants*
*Tony Thai and Primeware Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 29, 2015, I presented the foregoing to the Clerk of the Court for uploading to the Case Management/Electronic Case Files ("CM/ECF") System, which will send a Notice of Electronic Filing to:

Craig S. Kirsch, Esq.
Kirsch Law Firm
40 NE 1 Avenue, Suite 602
Miami, Florida 33132
ckirsch@kirschlawfirm.com
Telephone: (305) 416-4051
Facsimile:  (786) 217-6874

*Counsel for Plaintiff*

/s/  **Robert H. Thornburg**
Robert H. Thornburg